UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| ELIJAH GARRISON, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:24-CV-385-TAV-JEM |
| JASON SWALLOWS, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a prisoner of the Tennessee Department of Correction housed in the Northeast Correctional Complex ("NECX"), filed a pro se complaint and an amended complaint for violation of 42 U.S.C. § 1983 alleging that Jason Swallows used excessive force against him [Docs. 1, 4], a motion for leave to proceed *in forma pauperis* [Doc. 5], and a motion for injunction [Doc. 6]. The Court will address Plaintiff's motions before addressing his complaints.

**I.  Filing Fee**

It appears from Plaintiff's financial documents that he cannot pay the filing fee in a lump sum. Accordingly, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 5] is **GRANTED**.

Plaintiff is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's

inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of his preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred and fifty dollars ($350.00) has been paid to the Clerk. 28 U.S.C. §§ 1914(a), 1915(b)(2). To ensure compliance with this fee collection procedure, the Clerk is **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II.     Injunctive Relief

Plaintiff also filed a motion seeking injunctive relief, which the Court liberally construes as a motion for a temporary restraining order ("TRO")[1] [Doc. 6], in support of which he filed an affidavit and documents related to grievances he filed [Doc. 6-1]. In this motion and affidavit, Plaintiff (1) seeks a transfer to West Tennessee to avoid retaliation for this lawsuit and to be closer to his family; (2) recounts various difficulties he had

---

[1] While Plaintiff labels this motion as a request for a preliminary injunction [Doc. 6], a preliminary injunction requires notice to the adverse party, while the purpose of a TRO is to preserve the status quo until an adversarial hearing may be held for a preliminary injunction. Fed. R. Civ. P. 65(b)(3); *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 438–39 (1974). Thus, as Plaintiff filed his motion for injunctive relief prior to service of process on any Defendant, the Court construes it as a motion for a TRO. Fed. R. Civ. P. 65(a), (b). But the Court notes that the factors to be considered in determining whether a TRO or preliminary injunction should issue are the same. *See, e.g., Workman v. Bredesen*, 486 F.3d 896, 904–05 (6th Cir. 2007).

2

obtaining his financial documents to proceed in this case; (3) alleges that staff at NECX ignored his grievances regarding the incident underlying his complaint based on false statements that the grievances contained profanity, racial slurs, and/or threats; and (4) states that he fears for his life [Doc. 6, pp. 1–2; Doc. 6-1, pp. 1–5].

The documents related to Plaintiff's first grievance indicate that NECX officials interpreted the grievance regarding the alleged excessive force incident underlying this complaint—in which Plaintiff acknowledged that he had stated that he intended to harm Swallows in a prior grievance—to assert a threat in a manner that violated the grievance policy [Doc. 6-1, pp. 1–4]. Plaintiff also included a grievance in which he complained about a lack of response to his grievances [*Id.* at 5–6]. Notably, in this second grievance, Plaintiff indicated he "[would] protect [him]self by any means," "gets homicidal when . . . in panic mode," and hears voices in his head [*Id.*].

In determining whether to grant a request for preliminary injunctive relief, courts balance four factors: (1) whether the plaintiff "has shown a strong likelihood of success on the merits"; (2) whether the plaintiff will suffer irreparable injury in the absence of an injunction; (3) whether the injunction will cause substantial harm to others; and (4) whether the injunction would serve the public interest. *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citations omitted). Injunctive relief is "an extraordinary remedy never awarded as of right." *See Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). Such relief "should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet*, 305 F.3d at 573 (citations omitted).

First, the record does not suggest that Plaintiff has a strong likelihood of success on the merits in this action. Instead, Plaintiff's ability to prove that he is entitled to relief under § 1983 in this action is speculative at this time.

As to the second factor, Plaintiff has not established that he will suffer any irreparable injury without the requested TRO. As set forth above, in his motion and affidavit, Plaintiff recounts his difficulties in obtaining his financial documents and in using the grievance process and generally asserts that he wants to be closer to his family, fears for his safety, and fears retaliation. However, Plaintiff does not set forth any specific facts or proof from which the Court can find that he is facing an irreparable physical or legal injury.

As to the third factor, nothing in the record suggests that granting Plaintiff the requested TRO would cause substantial harm to others.

As to the fourth factor, district court intervention in prison operations without a compelling reason is against public policy. *Glover v. Johnson*, 855 F.2d 277, 285–87 (6th Cir. 1988) (setting forth public policy concerns regarding court interference with jail administration and instructing that courts should not "attempt to administer any portion of a state correctional system program except in the most compelling situations"). Plaintiff has not set forth a compelling reason for the Court to grant him the requested TRO.

Accordingly, Plaintiff's motion for injunctive relief [Doc. 6] is **DENIED**.

### III. Complaints

In his original complaint, Plaintiff alleges that Swallows used excessive force against him by shooting him in the back while his hands were in the air on August 22, 2024

4

[Doc. 1, pp. 1–2]. In his amended complaint, Plaintiff reiterates this allegation and provides more details and exhibits regarding this incident [Doc. 4, pp. 1–8]. Thus, it is apparent that Plaintiff intended to replace his first complaint [Doc. 1] with his more detailed second complaint [Doc. 4]. Accordingly, this action will proceed against Swallows based on the allegations in Plaintiff's amended complaint, as the Court finds that the amended complaint states a plausible claim for violation of § 1983 [*Id.*]. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A (providing that district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune).

### IV. Conclusion

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 5] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to provide a copy of this memorandum opinion and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

5. Plaintiff's motion for injunctive relief [Doc. 6] is **DENIED**;

6. This action will proceed against Swallows based on Plaintiff's amended complaint [Doc. 4];

7. The Clerk is **DIRECTED** to send Plaintiff a service packet (a blank summons and USM 285 form) for Swallows;

8. Plaintiff is **ORDERED** to complete the service packet and return it to the Clerk's Office within twenty (20) days of entry of this order;

9. At that time, the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service, *see* Fed. R. Civ. P. 4;

10. Service on Swallows shall be made pursuant to Rule 4(e) of the Federal Rules of Civil Procedure and Rule 4.04(1) and (10) of the Tennessee Rules of Civil Procedure, either by mail or personally if mail service is not effective;

11. Plaintiff is **NOTIFIED** that if he fails to timely return the completed service packet, this action will be dismissed without further notice;

12. Swallows shall answer or otherwise respond to the complaint within twenty-one (21) days from the date of service. If Swallows fails to timely respond to the complaint, it may result in entry of judgment by default against him; and

13. Plaintiff is **ORDERED** to immediately inform the Court and Swallows or his counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE