UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

ELIJAH GARRISON,                    )
                                    )
          Plaintiff,                )
                                    )
v.                                  )     No.    3:24-CV-385-TAV-JEM
                                    )
JASON SWALLOWS,                     )
                                    )
          Defendant.                )

## MEMORANDUM OPINION AND ORDER

This is a pro se action for violation of 42 U.S.C. § 1983 in which Plaintiff, a prisoner of the Northeast Correctional Complex ("NECX"), asserts that Defendant Jason Swallows used excessive force against him by shooting him in the back while his hands were in the air on August 22, 2024 [Doc. 4, pp. 1–8; Doc. 11, p. 5].  Now before the Court are (1) Defendant's motion to suspend the discovery and dispositive motion deadlines in this case pending the United States Magistrate Judge's resolution of his motion for an evidentiary hearing [Doc. 45]; (2) Plaintiff's motions for discovery [Docs. 45, 56]; (3) Plaintiff's motion for a restraining order [Doc. 54]; and (4) Plaintiff's motion for trial subpoenas [Doc. 55].  The Court will address these motions in turn based on their substance.

## I.     DEADLINES

Defendant has filed a motion seeking to suspend the discovery and dispositive motion deadlines herein until after Magistrate Judge McCook resolves his pending motion for a hearing on the issue of exhaustion [Doc. 45].  Plaintiff has not filed a response to this

motion, and his time for doing so has passed.  E.D. Tenn. L.R. 7.1(a).  As such, Plaintiff waived any opposition to the motion.  E.D. Tenn. L.R. 7.2.  For good cause shown therein and due to Plaintiff's lack of opposition thereto, this motion [Doc. 45] is **GRANTED** to the extent that the Court **SUSPENDS** these deadlines in its current scheduling order [Doc. 24] and will provide new abbreviated discovery and dispositive motion deadlines after Judge McCook's resolution of the pending motion for a hearing [Doc. 41] or, if appropriate, after that hearing has occurred.

## II.     DISCOVERY

Plaintiff has filed two motions listing discovery items he seeks from Defendant [Docs. 45, 56].  However, as this Court has previously notified Plaintiff [Doc. 40, p. 1], the Court is not the vehicle through which Plaintiff obtains discovery from Defendant. Moreover, Plaintiff does not allege or provide facts suggesting that he pursued any of these discovery items from Defendant through the methods available to him under the Federal Rules of Civil Procedure but was unable to obtain them.  Accordingly, these motions [Docs. 45, 56] are improper and **DENIED**.  Nevertheless, Defendant is **DIRECTED** to treat these filings as properly filed discovery requests as of the date of entry of this order.

## III.    RESTRAINING ORDER

In his motion for a temporary restraining order ("TRO"),[1] Plaintiff states that on one recent occasion, Plaintiff refused to go into a cell, at which time the officer who had taken

---

[1] A preliminary injunction requires notice to the adverse party, while the purpose of a TRO is to preserve the status quo until an adversarial hearing may be held for a preliminary injunction.  Fed. R. Civ. P. 65(b)(3); *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 438–39 (1974).  As Plaintiff filed his motion

2

Plaintiff to that cell, namely Officer Brock, slammed Plaintiff's head into the wall and took his legal mail [Doc. 54, pp. 1–3]. According to Plaintiff, Officer Brock previously shot Plaintiff with pepperballs and/or mace during the incident underlying this action [*Id.* at 3]. Plaintiff then claims that the recent incident with Officer Brock was "retaliation at its finest" [*Id.*]. Plaintiff additionally states that Defendant's brother's wife works in the NECX kitchen, and she could poison him [*Id.* at 6–7]. Based on these allegations, Plaintiff requests an injunction requiring prison staff to transfer him to a different facility [*Id.* at 8].

In determining whether to grant a request for preliminary injunctive relief, courts balance four factors: (1) whether the plaintiff "has shown a strong likelihood of success on the merits"; (2) whether the plaintiff will suffer irreparable injury in the absence of an injunction; (3) whether the injunction will cause substantial harm to others; and (4) whether the injunction would serve the public interest. *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citations omitted). Injunctive relief is "an extraordinary remedy never awarded as of right." *See Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). Such relief "should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet*, 305 F.3d at 573 (citations omitted).

First, nothing in the record suggests that Plaintiff has a strong likelihood of success on the merits in this action. While the Court has (1) allowed Plaintiff's excessive force

---

for injunctive relief after service of process on Defendant, the Court construes it as a motion for a preliminary injunction. Fed. R. Civ. P. 65(a), (b). But the Court notes that the factors to be considered in determining whether a TRO or preliminary injunction should issue are the same. *See, e.g., Workman v. Bredesen*, 486 F.3d 896, 904–05 (6th Cir. 2007).

3

claim to proceed against Defendant and (2) denied Defendant's motion for summary judgment asserting that Plaintiff failed to exhaust his available administrative remedies prior to filing this action, these occurrences only mean that Plaintiff must prove the merits of his claim, not that he has a strong likelihood of success in doing so.

As to the second factor, Plaintiff has not established that he will suffer any irreparable injury without the requested TRO. As set forth above, in his motion, Plaintiff asserts that an incident in which Officer Brock used force against him and took his legal mail after he refused to go into a cell was retaliation, presumably for Plaintiff filing this action. But nothing in the record suggests that this incident caused Plaintiff irreparable harm, or that any similar incident is likely to occur again.

Moreover, while Plaintiff attempts to connect this recent excessive force/mail taking incident to this action by stating that Officer Brock also was involved in the excessive force incident underlying this action, Plaintiff did not name Officer Brock as a Defendant herein, nor has he set forth any facts suggesting that Officer Brock is aware of this action. In short, Plaintiff sets forth no facts suggesting that his act of filing this lawsuit motivated the recent excessive force/mail taking incident with Officer Brock, nor does he set forth any other facts suggesting this incident was in retaliation for other protected conduct. Additionally, and notably, Plaintiff states in his motion that Officer Brock used force against him and took his legal mail immediately after Plaintiff refused to enter a cell, which strongly suggests that this refusal to enter the cell, rather than the filing of this lawsuit or other protected conduct, motivated Officer Brock's alleged slamming of Plaintiff's head and taking of his legal mail.

4

Further, while Plaintiff also states in his motion that Defendant's sister-in-law could poison him because she works in the NECX kitchen, Plaintiff again has not set forth any facts to support this speculative assertion.

As to the third factor, nothing in the record suggests that granting Plaintiff the requested TRO would cause substantial harm to others.

As to the fourth factor, district court intervention in prison operations, such as where to house a prisoner, is against public policy, absent a compelling reason. *LaFountain v. Harry*, 716 F.3d 944, 948 (6th Cir. 2013) (noting that, absent unusual circumstances, prison officials, rather than judges, should decide where a particular prisoner should be housed); *Glover v. Johnson*, 855 F.2d 277, 285–87 (6th Cir. 1988) (setting forth public policy concerns regarding court interference with jail administration and instructing that courts should not "attempt to administer any portion of a state correctional system program except in the most compelling situations"). Plaintiff has not set forth a compelling reason for the Court to grant him the requested TRO.

Accordingly, Plaintiff's motion for injunctive relief [Doc. 54] is **DENIED**.

## IV. TRIAL SUBPOENAS

Plaintiff's motion for trial subpoenas [Doc. 55] is **GRANTED** only to the extent that the Clerk is **DIRECTED** to send Plaintiff two blank subpoenas, which he is responsible for serving [Doc. 24, p. 4].

## V. CONCLUSION

For the reasons set forth above:

5

1. Defendant's motion to suspend the discovery and dispositive motion deadlines in this case pending the United States Magistrate Judge's resolution of his motion for an evidentiary hearing [Doc. 45] is **GRANTED** to the extent that the Court **SUSPENDS** these deadlines in its current scheduling order [Doc. 24] and will provide new abbreviated discovery and dispositive motion deadlines after Magistrate Judge McCook's resolution of the pending motion for a hearing [Doc. 41] or, if appropriate, after that hearing has occurred;

2. Plaintiff's motions regarding discovery [Docs. 45, 56] are improper and **DENIED**. However, Defendant is **DIRECTED** to treat these filings as properly filed discovery requests as of the date of entry of this order;

3. Plaintiff's motion for a TRO [Doc. 54] is **DENIED**;

4. Plaintiff's motion for trial subpoenas [Doc. 55] is **GRANTED** only to the extent that the Clerk is **DIRECTED** to send Plaintiff two blank subpoenas, which he is responsible for serving [Doc. 24 p. 4]; and

5. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

6